IRENE MALLETT et al. vs. PARHAM & BLUNT.

1. MARRIED WOMAN: *Separate estate.   Personal judgment.*
The wife was incapable, at common law, of making any binding contract, but it is changed by the Code of 1857.   She may contract for supplies for her plantation.   This liberty of contracting pertains to the *thing* contracted about, and does not extend to her person.   The enforcement of her contract is in the nature of a proceeding *in rem*, and no general judgment should be rendered.

ERROR to the Circuit Court of *Copiah* County.
Hon. URIAH MILLSAPS, Judge.

[1] NOTE.—Application for reargument was made, and refused by the court.

Parham & Blunt, merchants in New Orleans, brought suit against Irene Mallett and her husband, James B. Mallett, to recover the amount of an account for merchandise sold and delivered.

The declaration charges that the goods, wares, and merchandise were for the necessary apparel and other necessaries for the said Irene Mallet and her children, and for supplies for her plantation, and at her instance and request.

Defendants pleaded *non assumpsit*. There were two trials (the first verdict having been set aside), the latter resulting in a verdict against both defendants for $850, upon which judgment was rendered, and from which the case comes to this court upon a writ of error.

*Harris & George*, for plaintiff in error.

*H. B. Mayes*, for defendant in error.


PEYTON, J. delivered the opinion of the court.

The defendants in error obtained a judgment in the circuit court of Copiah county, against the plaintiffs in error, for the sum of $850, upon a contract of said husband and wife for supplies for the plantation of the wife.

The errors assigned are as follows :

1. The court erred in rendering judgment against J. R. Mallett upon a cause of action against the wife alone.

2. The court erred in rendering a personal judgment against the said Irene, instead of a judgment against her to be levied of her separate estate.

. At common law the wife is incapable of making any binding contract. But art. 25, Code, 1857, p. 336, changes the common law in this respect, and enables the wife, *when she has a separate estate*, to contract for supplies for her plantation. This liberty of contracting pertains merely to the *thing* contracted about, and does not extend to her person. In other words, though a wife may, by contract, bind her property, she cannot in any way, either at law or in equity, bind her person. It is only in consequence of the existence of her

separate estate that the statute authorizes her to make the contract, and that separate estate alone is bound by the contract. The enforcement of the contract is in the nature of a proceeding *in rem*. No general judgment can be rendered against her so as to reach in execution any other property.

The pleadings show that the supplies were furnished for the plantation of the wife, and that she alone was liable for the payment of the debt out of her separate estate ; and that the husband was joined in the suit with the wife for conformity, and that no judgment for recovery of the debt could legally and properly be rendered against him, nor could a judgment be rendered against the wife so as to bind her person.

In this case there was a general personal judgment against both husband and wife, instead of a judgment to be satisfied out of her separate property. Section 1780 of the Code of 1871.

These are errors for which the judgment must be reversed, and this court, proceeding to render such judgment as the court below ought to have rendered, doth order and adjudge that the said Parham & Blunt have and recover of the said Irene M. Mallett the sum of $850, with 5 per cent. interest thereon, and costs of suit, to be levied of the separate estate of the said Irene M. Mallett, by execution, etc.